04/15/2003 12:32 FAX 6182779804                                                                      ☑002

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**FILED**

MAR - 6 2003

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST LOUIS OFFICE

GUY MILLER and RONALD
H. BECHERER,

     Plaintiffs,

vs.

MITCHELL HUTCHINS ASSET
MANAGEMENT, INC., ALLIANCE
CAPITAL MANAGEMENT, L.P., and
ALLIANCE FUND DISTRIBUTORS, INC.,

     Defendants.                                        No. 01-CV-00192-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. Introduction

Before the Court is Defendants' motion to dismiss Plaintiffs' second amended complaint (Doc. 104). Plaintiffs oppose the motion. This case concerns the distribution and management of mutual funds. On April 25, 2001, Guy Miller and Ronald Becherer filed an amended complaint against Defendants, Mitchell Hutchins Asset Management, Inc. ("Mitchell Hutchins"), Alliance Capital Management, L.P., and Alliance Fund Distributors, Inc., alleging violations of the Investment Company Act of 1940 ("ICA"), as amended, 15 U.S.C. § 80a-1 *et seq* (Doc. 2). Plaintiffs Miller and Becherer are shareholders in the PaineWebber Growth Fund and the Alliance Premier Growth Fund, Inc., respectively. Both Mitchell

1

171

04/15/2003 12:33 FAX 6182779804 ☒003

Hutchins and Alliance Capitol Management, L.P., are registered as investment advisers under the ICA. Mitchell Hutchins is a distributor and principal underwriter of the PaineWebber Fund, and Alliance Fund Distributors, Inc., a wholly owned subsidiary of Alliance Capital Management, L.P., is the distributor and principal underwriter of the Alliance Fund. Plaintiffs seek to recover advisory fees and distribution fees paid by the funds on the basis that the advisory plans and distribution plans are unlawful under the ICA and that the fees are unreasonable and excessive under the ICA and must be returned.

On July 20, 2001, Defendants moved to dismiss Plaintiffs' amended complaint, arguing that Plaintiffs had not plead sufficient facts to state a cause of action against Defendants. The Court agreed and dismissed Plaintiffs' amended complaint. The Court allowed Plaintiffs until April 1, 2002 to file a second amended complaint that comported with the Court's order, the Federal Rules of Civil Procedure, and the Local Rules of the Southern District of Illinois.

Subsequently, on April 1, 2002, Plaintiffs filed a second amended complaint against Defendants (Doc. 99). The second amended complaint contains four (4) counts: Count I alleges breach of fiduciary duty under **ICA § 36(b)** for excessive investment advisory fees; Count II alleges breach of fiduciary duty under **ICA § 36(b)** for receipt of excess profits from economies of scale; Count III alleges Defendants violated **ICA § 36(b)** by collecting excess distribution fees and extracting additional compensation for advisory services; and Count IV alleges Defendants

2

violated **ICA § 12(b)** by implementing unlawful distribution plans. Defendants filed a second motion to dismiss Plaintiffs' second amended complaint, arguing that Plaintiffs have failed to plead the requisite facts to establish legally cognizable claims under **§§ 36(b)** and **12(b)** of the ICA. For the following reasons, the Court grants in part and denies in part Defendants' motion (Doc. 104). The Court finds that Plaintiffs have stated a claim as to Counts I, II, and III; however, Plaintiffs have failed to state a claim as to Count IV.

## II. Analysis

### A. Motion to Dismiss Standard

When ruling on a motion to dismiss for failure to state a claim, the district court assumes as true all facts well-pled plus the reasonable inferences therefrom and construes them in the light most favorable to the plaintiff. *Fries v. Helsper,* 146 F.3d 452, 457 (7th Cir. 1998)(citing *Wiemerslage Through Wiemerslage v. Maine Township High Sch. Dist. 207,* 29 F.3d 1149, 1151 (7th Cir. 1994)). The question is whether, under those assumptions, the plaintiff would have a right to legal relief. *Id.* This standard also has been articulated:

> [U]nder "simplified notice pleading," . . . the allegations of the complaint should be liberally construed, and the "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

*Lewis v. Local Union No. 100 of Laborers' Int'l Union,* 750 F.2d 1368, 1373 (7th Cir. 1984)(quoting *Conley v. Gibson,* 355 U.S. 41, 46-47 (1957)). Accord

3

*Fries*, 146 F.3d at 457; *Vickery v. Jones*, 100 F.3d 1334, 1341 (7ᵗʰ Cir. 1996).

The Seventh Circuit has reiterated the liberal standard governing notice

pleading:

> It is sufficient if the complaint adequately notifies the defendants of the nature of the cause of action . . . . As the Supreme Court has recently reminded us, the Federal Rules of Civil Procedure do not permit us to demand a greater level of specificity except in those instances in which the Rules specifically provide for more detailed elaboration. See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993).

*Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054,

1057 (7ᵗʰ Cir. 1998); *See also Kaplan v. Shure Bros., Inc.*, 153 F.3d 413, 419

(7ᵗʰ Cir. 1998). In fact, the Seventh Circuit has instructed that a plaintiff's claim

*must* survive a 12(b)(6) dismissal motion if relief could be granted under *any* set of

facts that could be proved consistent with the allegations. *Hi-Lite Prods. Co. v. Am.*

*Home Prods. Corp.*, 11 F.3d 1402, 1409 (7ᵗʰ Cir. 1993).

### B.  Plaintiffs' § 36(b) Claims

Defendants contend that Plaintiffs' allegations as to Counts I, II, and III

fail to state a claim under § 36(b) of the ICA. The Court disagrees. **Section 36(b)**

provides that an investment advisor has a fiduciary duty with respect to the receipt

of compensation. **15 U.S.C. § 80a-35(b)**. Shareholders may bring direct private

causes of action under § 36(b) against investment advisors "for breach of fiduciary

duty in respect of . . . compensation" paid by a fund. *Id.* The plaintiff bears the

4

"burden of proving a breach of fiduciary duty." **15 U.S.C. § 80a-35(b)(1)**. A fee is

excessive, and thus a breach of the investment advisor's fiduciary duty under **§ 36(b)**,

if it is "so disproportionately large that it bears no reasonable relationship to the

services rendered and could not have been the product of arm's-length bargaining."

*Gartenberg v. Merrill Lynch Asset Mgmt., Inc.*, **694 F.2d 923, 928 (2d Cir.**

**1982)(dismissing derivative actions after a non-jury trial)**.

Although the Seventh Circuit has not had occasion to set an excessive

fees standard, the Fourth Circuit in *Midgal*, as well as other lower courts, have

applied the *Gartenberg* standard. *See, e.g., Midgal v. Rowe Price-Flemming*

*Int'l, Inc.*, **248 F.3d 321, 326-27 (4th Cir. 2001)**; *King v. Douglas*, **973 F. Supp.**

**707, 722 (S.D. Tex. 1996)**; *Krantz v. Fid. Mgmt. & Research, Co.*, **98 F.**

**Supp.2d 150, 158 (D. Mass. 2000)**.

*Gartenberg* identified six factors to evaluate the disproportionality of

a fee: (1) the nature and the quality of the services provides to the fund shareholders;

(2) the profitability of the fund to the adviser-manager; (3) economies of scale in

operating the fund as it grows larger; (5) comparative fee structures; (5) fallout

benefits, i.e. indirect profits to the advisor attributable in some way to the existence

of the fund; and (6) the independence and conscientiousness of the directors. *See*

*Krinsk v. Fund Asset Mgmt.*, **875 F.2d 404, 409 (2d Cir. 1989)(citing**

*Gartenberg*, **694 F.2d at 929-30)**. At the pleading stage, a complaint must plead

facts that would show that the fees are so disproportionately large that they bear no

reasonable relationship to the services rendered.

In this case, Plaintiffs have plead sufficient facts with respect to Counts I, II, and III to survive a **12(b)(6)** motion to dismiss.[1] Plaintiffs' second amended complaint sufficiently pleads facts regarding the nature and quality of the services provided (*see* Doc. 99 ¶ 44-54), the profitability of the funds to the adviser-managers (*see* Doc. 99 ¶ 55, 56), and the economies of scale in operating the funds (*see* Doc. 99 ¶ 57-64). The second amended complaint discusses, in detail, comparative fee structures (*see* Doc. 99 ¶ 65-81). It also discusses the fallout benefits (*see* Doc. 99 ¶ 82-87) and the independence and conscientiousness of the directors (*see* Doc. 99 ¶ 88-98). The Court finds that these allegations comply with the requirements set forth in *Midgal* and are sufficient to state a legally cognizable cause of action under **ICA § 36(b)** for purposes of Defendants' motion to dismiss. As such, the Court denies Defendants' motion to dismiss as to Counts I, II, and III.

### C. Plaintiffs' § 12(b) Claim

Defendants also assert that Plaintiffs have failed to state a cause of action under **§ 12(b)** of the ICA because **§ 12(b)** does not provide a private right of action, or, alternatively, because any action under **§ 12(b)** is derivative and Plaintiffs have failed to plead demand or demand futility. Because the Court finds that any cause of action Plaintiffs may have under **§ 12(b)** is derivative, the Court need not

---

[1]Although Counts I and III appear quite similar, Count I addresses the *advisory* fees Defendants charged, while Count III addresses the *distribution* fees Defendants charged. These fees are separate fees (*see* Doc. 99 ¶ 3-5).

6

04/15/2003 12:35 FAX 6182779804                                                    ☑008

address whether § 12(b) does, in fact, provide a private right of action. To determine whether claims brought under the ICA are direct or derivative, the Court must look to the law of the defendant fund's state of incorporation.[2] **Kamen v. Kemper Fin. Servs., 500 U.S. 90, 97-99 (1991).**

Under Massachusetts law, a shareholder may not directly bring claims that belong to the corporation. **Bessente v. Bessente, 434 N.E.2d 206, 208 (Mass. 1982).** To determine whether a claim belongs to the corporation, a court must inquire whether the shareholder's injury is distinct from the injury suffered generally by all of the shareholders as owners of corporate stock. **Jackson v. Stuhlfire, 547 N.E.2d 1146, 1148 (Mass. App. Ct. 1990).**

Similarly, under Maryland law, a court must examine the nature of the wrong alleged in the complaint to determine whether it states a direct, rather than derivative, cause of action. Under Maryland law,

> [g]enerally . . . a stockholder cannot maintain an action at law against an officer or director of the corporation to recover damages for fraud, embezzlement, or other breach of trust which depreciated the capital stock . . . . Where directors commit a breach of trust, they are liable to the corporation, not to its creditors or stockholders. . . .

**Waller v. Waller, 187 Md. 185, 189-90 (1946).** Moreover, "[w]hen an injury falls equally on all shareholders and no special relationship between the plaintiff and the defendant [exists that] might create a duty other than that owed to the corporation,

---

[2]Massachusetts law governs the PaineWebber Fund and Maryland law governs the Alliance Fund.

04/15/2003 TUE 14:28  [TX/RX NO 8841]  ☑008

there is no direct cause of action in a shareholder." *Olesh v. Dreyfus Corp.*, 1995 WL 500491, *7 (E.D.N.Y. Aug. 8, 1995).

As stated in the Court's previous order dismissing Plaintiffs' first amended complaint, any cause of action Plaintiffs may have under § 12(b) is derivative in nature. This Court has already concluded that there appears to be no direct cause of action under § 12(b) of the ICA in this case. In fact, Exhibits 7 and 8 to Plaintiffs' second amended complaint demonstrate that the 12b-1 fees are paid from the funds as fund operating expenses (*see* Doc. 99, Exh. 7, p. 6, Exh. 8, p. 5). Exhibit 9 shows the same (*see* Doc. 99, Exh. 9, p. 22). This indicates that Plaintiffs are suing *on behalf of the funds* to recover excessive distribution fees paid *by the funds*. Further, Plaintiffs, themselves, acknowledge in Count IV that they are suing Defendants for "violation of the fiduciary duty owed by them *to the [f]unds,*" not to the shareholders (Doc. 99, ¶ 122)(emphasis added). As such, the second amended complaint asserts a cause of action under § 12(b) that is for alleged injury to the funds, and only derivatively to stockholders such as Plaintiffs. Because Plaintiffs are asserting a derivative cause of action, the Court must address the issue of demand and demand futility.

Like most states, Maryland both requires demand as a norm and excuses demand when the request would be futile. *Kamen v. Kemper Fin. Servs., Inc.*, 939 F.2d 458, 460 (7th Cir. 1991)(citing *Waller v. Waller*, 187 Md. 185, 191-92 (1946); *Eisler v. E. States Corp.*, 182 Md. 329, 333 (1943)). A demand

8

04/15/2003 12:37 FAX 6182779804                                    ☑010

is futile only if the directors' minds are closed to argument. *Id.* at 462. Demand on the board of directors is excused where "(1) a demand, or a delay in awaiting a response to a demand, would cause irreparable harm to the corporation, or (2) a majority of the directors are so personally and directly conflicted or committed to the decision in dispute that they cannot reasonably be expected to respond to a demand in good faith and within the ambit of the business judgment rule." *Werbowsky v. Collomb*, 766 A.2d 123, 144 (Md. App. Ct. 2001). Similarly, under Massachusetts law, whether demand is excused as futile turns on whether "a majority of directors are alleged to have participated in the wrongdoing, or are otherwise interested." *Harhen v. Brown*, 730 N.E.2d 859, 865 (Mass. 2000). Also, futility must be plead with particularity. *Id.*

In this case, Plaintiffs have plead neither facts establishing demand nor facts establishing demand futility. In fact, in their response to Defendants' motion to dismiss, Plaintiffs only argue that their cause of action is direct, rather than derivative, and as such, they are not required to plead demand or demand futility. This is directly contrary to what this Court explicitly held in its previous order granting Defendants' first motion to dismiss. As such, Plaintiffs opted, *at their peril*, not to plead facts establishing demand or demand futility in their second amended complaint. Because Plaintiffs have had three opportunities to correctly plead a cause of action under § 12(b) of the ICA, the Court finds that Count IV of Plaintiffs' second amended complaint should be dismissed with prejudice.

9

## III.  Conclusion

For the above stated reasons, the Court finds that Plaintiffs have stated a cause of action under § 36(b); however, Plaintiffs have failed to state a cause of action under § 12(b).  Accordingly, the Court **GRANTS in part** and **DENIES in part** Defendants' motion to dismiss Plaintiffs' second amended complaint (Doc. 104).  The Court **DISMISSES with prejudice** Count IV of Plaintiffs' second amended complaint.  Counts I, II, and III remain.

**IT IS SO ORDERED.**

Signed this 6th day of March , 2003.

**DAVID R. HERNDON**
**United States District Judge**

10