UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC FORSYTHE, et al.,<br><br>   Plaintiff,<br>v.<br><br>SUN LIFE FINANCIAL, INC., ET AL.,<br><br>   Defendants | No. 04-10584-GAO |
| MARCUS DUMOND, HENRY BERDAT, STUART V. and ROSEMARY STURGESS, KATHLEEN BLAIR, WILLIAM and MARGIE BOOTH, KAREN PEACH, and RICHARD and EVELYN KELLER,<br><br>   Plaintiffs,<br>v.<br><br>MASSACHUSETTS FINANCIAL SERVICES COMPANY and MFS FUND DISTRIBUTORS, INC.,<br><br>   Defendants. | No. 04-11458-GAO |

## REPORT OF PARTIES' PLANNING MEETING

**I. Rule 26(f) Conference.**

This report is submitted pursuant to Fed. R. Civ. P. 26(f) by the following counsel for the parties, who have met and conferred (by telephone and email):

Michelle Blauner for the Dumond plaintiffs;

Janine Pollack and Nancy Gans for the Forsythe plaintiffs;

Jonathan Shapiro and Amanda Masselam for the MFS defendants;

Jane Willis for the Trustees and the MFS Funds;

John Falvey for John Ballen;

George Skelly for Kevin Parke; and

James Rehnquist and Abigail Hemani for Jeffrey Shames.

**II.    Status.**

On January 13, 2005, the Court issued an order consolidating *Forsythe*, *Eddings*, and *Koslow* (the "consolidated action"). The Court further ruled that *Dumond* shall proceed independent of the consolidated action, but shall be coordinated with the consolidated action for discovery and pretrial purposes.

The defendants filed motions to dismiss both cases on April 15, 2005. Under the schedule agreed upon by the parties, those motions will be fully briefed by June 24, 2005.

**III.    Pre-discovery Disclosures.**

The Dumond plaintiffs and the Forsythe plaintiffs have served their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) upon the defendants in their respective actions. The defendants have objected to service of initial disclosures as premature, for the reasons set forth below.

**IV.    Discovery Plan.**

    A.    <u>Class Discovery</u>.

        1.    <u>Status</u>.

The Dumond action is not a class action. Accordingly, there will be no class discovery in the Dumond action.

The Forsythe plaintiffs filed a motion for class certification on April 14, 2005. On April 28, 2005, the defendants filed an assented-to motion for extension of time within which to file their opposition to plaintiff's motion for class certification. Specifically, the parties have agreed that they will conduct class certification discovery (if any), and that defendants will respond to plaintiffs' motion for class certification and

plaintiffs will file any reply, in accordance with whatever schedule the Court orders following submission of this joint report on the parties' planning meeting and a case management conference pursuant to L.R. 16.1.

### 2. The Forsythe Plaintiffs' Position.

The *Forsythe* plaintiffs' position is that discovery should commence at this time, rather than be delayed until after the Court has ruled on the motions to dismiss. Defendants have not cited any rule requiring a blanket stay of discovery pending motions to dismiss in this type of case -- and none exists. At a minimum, in particular, class discovery should commence forthwith in connection with the *Forsythe* plaintiffs' motion for class certification filed on April 14, 2005. Allowing class discovery is appropriate and will enable plaintiffs to demonstrate that the MFS defendants acted in a common way across all of the funds, thus confirming that the class should be certified.

Furthermore, despite defendants' argument as to the issue of plaintiffs' standing to represent all shareholders in all funds, there is no question that plaintiffs at least have standing to represent the funds that they do hold. A question as to the size of a class does not prevent class discovery. Based on the foregoing, there is no reason to delay class proceedings or discovery at this time.

In addition, although Defendants argue (at Point B.2, *infra*), that the *Forsythe* Plaintiffs' "directed brokerage claims under section 36(b) of the Investment Company Act" are the same as those asserted in the market-timing multi-district litigation in Maryland where, they contend, "all discovery" has essentially been stayed, neither contention is correct. First, there is no overlap between the claims in the instant action and those in the market-timing case inasmuch as the latter are limited to market-timing

and late trading. Second, in a letter-opinion dated March 7, 2005, due to the stay of discovery under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the MDL Court limited the plaintiffs' discovery prior to the decisions on the motions to dismiss to select categories of documents that had been produced to the regulators in connection with regulatory settlements. There are no PLSRA claims here and there is no stay of discovery.

### 3. The Defendants' Position.

The defendants' position is that, for a variety of reasons, class discovery and briefing (which will be a significant underwriting and involve expert testimony) should await the Court's resolution of their motion to dismiss. For example, it would be premature (or, at least, impractical) for the parties and the Court to address questions as to whether plaintiffs' claims and defenses are typical to those of the purported class (or whether the claims present common issues sufficient to even warrant a class) until after the Court decides which, if any, of the claims will go forward. In addition, as the Dumond Plaintiffs have (correctly) noted, there are outstanding questions as to the putative class plaintiffs' standing under Article III to bring most of the claims for which they seek certification. The resolution of these and other issues may bear materially on the scope and definition of any class (or subclasses) that the Court could certify, and therefore would dictate the scope of class discovery even if the motion to dismiss is not granted, or is granted in part.

  B.  <u>Merits Discovery</u>.

    1.  <u>The Plaintiffs' Position</u>.

The plaintiffs' position is that merits discovery should proceed forthwith. Defendants have taken the position that there should be no initial disclosures and no discovery pending this Court's decision on Defendants' Motions to Dismiss. The Dumond Plaintiffs and the Forsythe Plaintiffs vigorously oppose Defendants' position.

In particular, the Dumond Plaintiffs and the Forsythe Plaintiffs state that this case is not governed by the automatic stay set forth in the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b) and Defendants have not, and cannot, meet their stiff burden of demonstrating good cause for the entry of a protective order staying discovery. *In re Lotus Development Corp. Sec. Litig.*, 875 F. Supp. 48, 51 (D. Mass. 1995).

Defendants have taken the position that initial disclosures and discovery are premature because they have filed motions to dismiss both the Dumond Complaint and the Forsythe Complaint. However, "the mere filing of a dispositive motion . . . does not warrant the issuance of a stay under Rule 26(c). There must be more." *United States v. County of Nassau*, 188 F.R.D. 187, 188 (E.D.N.Y. 1999).[1] Indeed, as Judge Saris observed in connection with the initial disclosures required under Rule 26(a), "to make a stay more readily obtainable simply because there is a colorable motion to dismiss, would undermine the spirit of [Rule 26(a)]." *Lotus*, 875 F. Supp. at 51.

Even if the mere act of filing a motion to dismiss could constitute good cause in certain situations, it clearly does not here, where the arguments raised by Defendants on

---

[1] *See also Evans v. Yum Brands, Inc.*, 326 F. Supp.2d 214, 226 (D.N.H. 2004); *In re Valence Technology Sec. Litig.*, 1994 WL 758688, at * 2 (N.D. Cal. Nov 18, 1994); *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997); *Moore v. Painewebber, Inc.*, 1997 WL 12805, at *1 (S.D.N.Y. Jan. 14, 1997); *Hachette Distribution, Inc. v. Hudson County News Co., Inc.*, 136 F.R.D. 356, 359 (E.D.N.Y. 1991).

their motions to dismiss are wholly without merit. *See Gleason v. Cheskaty,* 1995 WL 560139, at *7 (D. Idaho June 22, 1995); *Howard v. Galesi,* 107 F.R.D. 348 (S.D.N.Y. 1985).

Indeed, in a recent case, this Court rejected the defendants' argument for dismissal of plaintiffs' excessive fee claim under Section 36(b) of the Investment Company Act, 15 U.S.C. §80a-35(b). *Wicks v. Putnam Investment Management, LLC*, 2005 WL 705360 (D. Mass. March 28, 2005) (O'Toole, J.). *See also Jones v. Harris Associates, L.P.*, 2005 WL 831301 (N.D. Ill. Apr. 7, 2005); *Strigliabotti v. Franklin Resources, Inc.*, 2005 WL 645529 (N.D. Cal. Mar. 7, 2005); *Krantz v. Fidelity Management & Research Co.*, 98 F. Supp. 2d 150 (D. Mass. 2000).

The Dumond Plaintiffs and the Forsythe Plaintiffs believe a stay of initial disclosures and discovery would only needlessly delay the orderly disposition of this case, and they propose the following schedule for the completion of discovery:

      a.    <u>Fact Discovery</u>.  To be completed within 15 months after the Local Rule 16.1 conference.

      b.    <u>Expert Discovery</u>.  The Dumond plaintiffs and the Forsythe plaintiffs shall identify their trial experts pursuant to Fed. R. Civ. P. 26(a)(2)(A) and produce expert reports pursuant to Fed. R. Civ. P. 26(b)(4)(A) no later than ninety (90) days after the deadline for the completion of fact discovery.

Defendants shall identify their trial experts pursuant to Fed. R. Civ. P. 26(a)(2)(A) and produce expert reports pursuant to Fed. R. Civ. P. 26(b)(4)(A) no later than sixty (60) days after the production of plaintiffs' expert reports.

The Dumond plaintiffs and the Forsythe plaintiffs shall produce expert reply reports no later than thirty (30) days after the production of defendants' expert reports.

All expert depositions shall be completed no later than forty-five (45) days after the production of plaintiffs' expert reply reports.

2. The Defendants' Position.

The defendants' position is that merits discovery should be stayed pursuant to Fed R. Civ. P. 26(c) until after the Court rules on their pending motions to dismiss, filed on April 15, 2005. Defendants submit that discovery prior to resolution of dispositive motions would prematurely, and perhaps unnecessarily, consume the parties' and the Court's resources, especially because the parties agree that discovery will be complicated and expensive, and likely will involve motion practice. The Court's ruling on the motions could materially affect the scope of discovery, even if that motion is only granted in part. For example, defendants' arguments based on standing and on the statutory limit on recovery under section 36(b), if accepted by the Court, would result in dismissal of *Forsythe* with respect to virtually all of the funds at issue (60 of 62 funds) and most of the alleged class period (4 of 5 years).

In addition, the plaintiffs' directed brokerage claims under section 36(b) of the Investment Company Act overlap with those that plaintiff City of Chicago (represented by the same law firm) has brought against MFS in consolidated multi-district litigation pending before the U.S. District Court for the District of Maryland, which has with limited exception stayed all discovery pending a ruling on the defendants' motions to dismiss.

Defendants are committed to moving ahead quickly with discovery if the Court sustains any of the plaintiffs' claims. Once it is clear which claims (if any) will go forward with respect to which funds, the parties will able to intelligently address (and hopefully agree) on the threshold Rule 26(f) issues that are difficult to address today in the abstract, i.e., (1) the subjects for which discovery is needed; (2) a discovery schedule; (3) whether discovery may be conducted in phases or focused on particular issues; and (4) if the parties should be allowed to exceed the limitations on discovery set forth in the Federal and Local Rules.

**IV.    Other Items.**

The parties request a conference with the Court in order to discuss the issues discussed above before entry of the scheduling order.

The parties agree that they shall submit to the Court, within no later than fourteen (14) days after the Local Rule 16.1 conference, a proposed stipulated form of order providing for the confidential treatment of documents or information designated confidential pursuant to Fed. R. Civ. P. 26(c)(7) and Local Rule 7.2 in the event that such documents and information are exchanged by the parties to this litigation or by non-parties. If the parties are unable to agree, they shall submit their respective proposals regarding such confidential treatment to the Court.

The parties certify that they have conferred with their counsel (1) with a view to establishing a budget for the costs of conducting the full course, and various alternative courses, of the litigation, and (2) to consider the resolution of the litigation through the use of alternative dispute resolution.

| | |
|---|---|
| Respectfully Submitted, | Respectfully Submitted, |
| The Forsythe plaintiffs, | Sun Life Financial, Inc., Massachusetts Financial Services Co., and MFS Fund Distributors, Inc., |
| By their attorneys, | |
| | By their attorneys, |
| /s/ Nancy Freeman Gans | /s/ Jonathan A. Shapiro |
| Nancy Freeman Gans (BBO #184540) | Jeffrey B. Rudman (BBO #433380) |
| Moulton & Gans, P.C. | William H. Paine (BBO #550506) |
| 33 Broad Street, Suite 1100 | Jonathan A. Shapiro (BBO #567838) |
| Boston, MA  02109-4216 | Amanda P. Masselam (BBO #641108) |
| (617) 369-7979 | WILMER CUTLER PICKERING HALE AND DORR LLP |
| | 60 State Street |
| | Boston, MA  02109 |
| | (617) 526-6000 |
| The Dumond plaintiffs, | Jeffrey L. Shames, |
| By their attorneys, | By his attorneys, |
| /s/ Michelle H. Blauner | /s/ James C. Rehnquist |
| Edward F. Haber (BBO #215620) | James C. Rehnquist (BBO #552602) |
| Michelle H. Blauner (BBO #549049) | Abigail K. Hemani  (BBO #650721) |
| SHAPIRO HABER & URMY LLP | GOODWIN PROCTER LLP |
| 53 State Street | Exchange Place |
| Boston, MA  02109 | 53 State Street |
| (617) 439-3939 | Boston, MA  02109 |

John W. Ballen,

By his attorneys,


/s/ John F. Falvey
John F. Falvey, Jr. (BBO # 542674)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA  02109


Kevin Parke,

By his attorneys,


/s/ George J. Skelly
George J. Skelly (BBO #546797)
David M. Ryan (BBO #644037)
NIXON PEABODY LLP
100 Summer Street
Boston, MA  02110


Lawrence H. Cohn, William R. Gutow,
J. Atwood Ives, Abby M. O'Neill,
Lawrence T. Perera, William J. Poorvu,
J. Dale Sherratt, Elaine R. Smith,
and the MFS Funds,

By their attorneys,


/s/ Jane E. Willis
John D. Donovan (BBO #130950)
Jane E. Willis (BBO #568024)
ROPES & GRAY LLP
One International Place
Boston, MA  02110

July 7, 2005