UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARCUS DUMOND, et al.,<br><br>            Plaintiffs,<br>    v.<br><br>MASSACHUSETTS FINANCIAL SERVICES CO. and MFS FUND DISTRIBUTORS, INC.,<br><br>            Defendants. | C.A. No. 04-11458 (GAO) |

**DEFENDANTS' LIMITED OPPOSITION TO DEFENDANT'S
MOTION TO EXTEND TIME TO RESPOND TO COMPLAINT**

Plaintiffs have no objection to Defendants' request for an extension until February 20, 2006, in which to answer their Complaint. Plaintiffs' counsel so informed Defendant in their Rule 7.1 conference on January 31, 2006.

However, Defendants' counsel has also indicated in the Rule 7.1 conference that Defendants may "respond" to the Complain by filing a motion for leave to file an interlocutory appeal from this Court's Memorandum and Order denying their motion to dismiss and/or to stay this action, in which case they would not file an answer to the Complaint on February 19, 2006. The "responsive pleading" required by Fed. R. Civ. P. 12(a)(4) does not include a motion for leave to file an interlocutory appeal or a motion to stay; indeed, "[t]he rules specifically exclude motions from the definition of a pleading." *Stein v. Royal Bank of Canada*, 239 F.3d 389, 392 (1st Cir. 2001).[1] Therefore, if Defendants were to file a motion for leave to file an interlocutory appeal and/or stay, such a filing would not relieve them of their responsibility to answer the Complaint, which this Court has ruled is legally sufficient.

---

[1] Fed. R. Civ. P. 7(a) defines "pleading" as follows:  "Pleadings. There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer."

Accordingly, Defendants' motion should be granted only insofar as it permits Defendants an extension of time until February 20, 2006, in which to answer the Complaint and clarify that a motion for permission to file an interlocutory appeal and/or to stay this action would not constitute a responsive pleading as required by Fed. R. Civ. P. 12(a)(4).

Dated: February 1, 2006

Respectfully submitted:

SHAPIRO HABER & URMY, LLP

/s/ Michelle H. Blauner
Michelle H. Blauner (BBO #549049)
Edward F. Haber (BBO #215620)
53 State Street
Boston, MA  02109
(617) 439-3939
Facsimile:  (617) 439-0134
Email:  mblauner@shulaw.com

Lynn L. Sarko
Michael D. Woerner
Tana Lin
Gretchen F. Cappio
KELLER ROHRBACK, LLP
1201 Third Avenue, #3200
Seattle, WA  98101

Guy M. Burns
Jonathan S. Coleman
Becky Ferrell-Anton
JOHNSON, POPE, BOKOR, RUPPEL & BURNS, L.L.P.
100 North Tampa Street, Ste. 1800
Tampa, FL  33602

Michael J. Brickman
James C. Bradley
Nina H. Fields
RICHARDSON PATRICK WESTBROOK & BRICKMAN, LLC
174 East Bay Street, Suites 100 & 200
Charleston, SC  29401

**Counsel for Plaintiffs**

<u>Certificate of Service</u>

    I, Michelle H. Blauner, hereby certify that this document filed through the ECF system will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NCF) and paper copies will be sent to those indicated as non registered participants on February 1, 2006.

<u>/s/ Michelle H. Blauner</u>