UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARCUS DUMOND, et al.,

            Plaintiffs,

  v.

MASSACHUSETTS FINANCIAL SERVICES
CO. and MFS FUND DISTRIBUTORS, INC.,

            Defendants.

C.A. No. 04-11458 (GAO)

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Defendants Massachusetts Financial Services Co. ("MFS") and MFS Fund Distributors, Inc. ("MFD") answer Plaintiffs' Complaint ("Complaint") as follows:

1. Defendants admit that Plaintiffs purport to bring a derivative action on behalf of MFS Capital Opportunities Fund, MFS Emerging Growth Fund, MFS Government Securities Fund, MFS Government Limited Maturity Fund, MFS Mid Cap Growth Fund, MFS Research Fund, MFS Value Fund, MFS Municipal Income Fund, MFS Strategic Growth Fund, MFS Total Return Fund, and Massachusetts Investors Growth Stock Fund pursuant to section 36(b) of the Investment Company Act of 1940 (the "ICA"), as amended, 15 U.S.C. § 80a-35(b).

2. Paragraph 2 contains legal conclusions that do not require a response from Defendants.

3. Defendants admit that they are inhabitants of or transact business in this district, and that Defendants may be found in this district. The remaining allegations in paragraph 3 are legal conclusions that do not require a response from Defendants.

4. Paragraph 4 contains legal conclusions that do not require a response from Defendants.

5. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6. Defendants admit that, at the time of the filing of the Complaint, MFS managed over $138 billion in assets and was the fifth largest non-proprietary fund group in the United States. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 of the Complaint.

7. Paragraph 7 contains legal conclusions that do not require a response from Defendants.

8. Defendants admit that they receive fees paid by the funds for advisory and administrative services, and that the fees are based, among other things, on a percentage of fund assets. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.

9. Defendants deny the allegations in paragraph 9 of the Complaint.

10. Defendants deny the allegations in paragraph 10 of the Complaint.

11. Defendants deny the allegations in the first and second sentences of paragraph 11 of the Complaint. With respect to the third sentence, Defendants state that Massachusetts Investors Trust ("MIT") is not a fund at issue in this case, and therefore no response is required to this allegation. To the extent a response is required to the third sentence, Defendants admit that MFD collected distribution and service fees in excess of $40 million for the year ending 12/31/03, but deny that this amount is collected "annually." Defendants deny the remaining allegations in the paragraph.

12. Defendants admit the allegations in the first sentence of paragraph 12 of the Complaint. The remaining sentences in paragraph 12 contain conclusions of law to which no

-3-

response is required of Defendants. To the extent that the remaining sentences of the paragraph contain allegations of fact, Defendants deny them.

13. Paragraph 13 contains conclusions of law to which no response is required of Defendants. Defendants respectfully refer the Court to section 36(b) of the ICA for the complete contents thereof.

14. Defendants admit that Sun Life of Canada acquired MFS in 1982, but deny the remaining allegations in the first sentence of paragraph 14. Defendants deny the allegations in the second sentence of the paragraph. With respect to the third sentence, Defendants admit that in 2002, MFS's earnings were $(Canadian) 174 million, and for 2003, operating earnings were $(Canadian) 168 million. Defendants admit the fourth sentence of the paragraph. Defendants deny the remaining allegations in paragraph 14.

15. Defendants deny the allegations of paragraph 15 of the Complaint.

16. Defendants deny the allegations of paragraph 16 of the Complaint.

17. Defendants admit that fees are approved by the funds' trustees. Defendants admit the second sentence of paragraph 17. Defendants deny the remaining allegations in the paragraph.

18. To the extent that paragraph 18 of the Complaint purports to excerpt or characterize documents, Defendants state that the documents speak for themselves and no response is required. To the extent a response is required, Defendants, with respect to the first sentence in the paragraph, deny knowledge or information sufficient to form a belief as to whether "the fees challenged in this lawsuit may appear to be very small on a shareholder-by-shareholder basis." Defendants deny the remaining allegations in sentence one of the paragraph.

Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.

19. Paragraph 19 contains no allegations and does not require a response from Defendants.

20. To the extent that paragraph 20 of the Complaint purports to excerpt or characterize documents, Defendants state that the documents speak for themselves and no response is required. The first sentence of the paragraph also contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the first sentence of the paragraph. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.

21. Paragraph 21 contains no allegations and does not require a response from Defendants.

22. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint contains conclusions of law to which no response is required. Defendants respectfully refer the Court to Meyer v. Oppenheimer Management Corp., 895 F.2d 861 (2d Cir. 1990), for the complete contents of that decision. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the first three sentences of the paragraph 23. Defendants deny the remaining allegations in the paragraph.

24. Defendants deny the first sentence of paragraph 24. Defendants admit the second sentence of the paragraph. The remaining sentences in the paragraph contain conclusions of law to which no response is required.

25. To the extent that paragraph 25 of the Complaint purports to excerpt or characterize documents, Defendants state that the documents speak for themselves and no response is required. To the extent a response is required, Defendants deny the allegations in the paragraph. Defendants respectfully refer the Court to the SEC Release for the full contents thereof.

26. Defendants admit that in a particular year, distribution fees are calculated as a percentage of net assets. Defendants deny the remaining allegations in paragraph 26 of the Complaint.

27. Defendants deny the allegations in paragraph 27 of the Complaint.

28. Paragraph 28 contains allegations that constitute Plaintiffs' characterizations of the action, which do not require a response. To the extent that the paragraph contains allegations of fact, Defendants deny them.

29. Paragraph 29 contains legal conclusions that do not require a response from Defendants. Defendants respectfully refer the Court to Daily Income Fund, Inc. v. Fox, 464 U.S. 523 (1984), for the complete contents of that decision.

30. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 30 of the Complaint. Defendants admit the second sentence of the paragraph.

31. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 31 of the Complaint. Defendants admit the remaining allegations in the paragraph.

-6-

32. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 32 of the Complaint. Defendants admit the remaining allegations in the paragraph.

33. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 33 of the Complaint. Defendants admit the remaining allegations in the paragraph.

34. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 34 of the Complaint. Defendants admit the remaining allegations in the paragraph.

35. Defendants admit that Karen Peach was a shareholder of the MFS Research Fund. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 35 of the Complaint. Defendants admit the allegations in the second sentence of the paragraph.

36. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 36 of the Complaint. Defendants admit the remaining allegations in the paragraph.

37. Defendants admit the allegations in paragraph 37 of the Complaint.

38. Defendants admit the allegations in paragraph 38 of the Complaint.

39. Paragraph 39 contains conclusions of law that do not require a response from Defendants. Defendants respectfully refer the Court to Gartenberg v. Merrill Lynch Asset Management, Inc., 694 F.2d 923 (2d Cir. 1982), for the complete contents of that decision.

40. Paragraph 40 contains conclusions of law that do not require a response from Defendants. Defendants respectfully refer the Court to Gartenberg v. Merrill Lynch Asset

-7-

Management, Inc., 694 F.2d 923 (2d Cir. 1982), for the complete contents of that decision. To the extent that the fourth sentence of the paragraph contains allegations of fact, Defendants deny them.

  41. Defendants deny the allegations in paragraph 41 of the Complaint.

  42. Defendants deny the allegations in paragraph 42 of the Complaint.

  43. Defendants deny the allegations in paragraph 43 of the Complaint.

  44. Defendants deny the allegations in paragraph 44 of the Complaint.

  45. Defendants deny the allegations in paragraph 45 of the Complaint.

  46. To the extent that paragraph 46 of the Complaint purports to excerpt or characterize documents, Defendants state that the documents speak for themselves and no response is required. To the extent a response is required, Defendants deny the allegations in the paragraph and respectfully refer the Court to the Freeman & Brown study for the complete contents thereof.

  47. Defendants deny the allegations in paragraph 47 of the Complaint.

  48. Defendants deny the allegations in paragraph 48 of the Complaint.

  49. To the extent that paragraph 49 of the Complaint purports to excerpt or characterize documents, Defendants state that the documents speak for themselves and no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph and respectfully refer the Court to the GAO Report and the SEC Report for the complete contents thereof.

  50. To the extent that paragraph 50 of the Complaint purports to excerpt or characterize documents, Defendants state that the documents speak for themselves and no

response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph and respectfully refer the Court to the Freeman & Brown study for the complete contents thereof.

51. To the extent that paragraph 51 of the Complaint purports to excerpt or characterize documents, Defendants state that the documents speak for themselves and no response is required. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph regarding the mutual fund industry overall and respectfully refer the Court to the Freeman & Brown study for the complete contents thereof. To the extent a further response is required, Defendants deny the allegations in the paragraph.

52. To the extent that paragraph 52 of the Complaint purports to excerpt or characterize documents, Defendants state that the documents speak for themselves and no response is required. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph regarding the mutual fund industry overall and respectfully refer the Court to the GAO Report and the Freeman & Brown study for the complete contents thereof. To the extent a further response is required, Defendants deny the allegations in the paragraph.

53. To the extent that paragraph 53 of the Complaint purports to excerpt or characterize documents, Defendants state that the documents speak for themselves and no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph and respectfully refer the Court to the *San Francisco Chronicle* article for the complete contents thereof.

54. Defendants state that MIT is not a fund at issue in this case, and therefore no response is required to the allegations in paragraph 54 of the Complaint. To the extent a response is required, Defendants admit the first sentence of the paragraph. Defendants deny the allegations in the second sentence of the paragraph. Defendants admit that in 1969, MIT entered into an agreement approved by shareholders under which MFS would act as investment adviser. Defendants deny the remaining allegations in the third sentence of the paragraph. Defendants admit that the percent expense ratio in 1976 was .39, but deny the remaining allegations in the fourth sentence of the paragraph. With respect to the fifth sentence of the paragraph, Defendants deny knowledge or information sufficient to form a belief as to whether MIT fund's expenses were 3.5 percent of fund income, and deny the remaining allegations in the sentence. With respect to the sixth sentence of the paragraph, Defendants admit that by year-end 1969, the MIT fund assets were $2.2 billion, and deny the remaining allegations in the sentence. With respect to the seventh sentence of the paragraph, Defendants admit that by year-end 1979, the fund's assets were $1.1 billion, but deny the remaining allegations in the sentence. With respect to the eighth sentence of the paragraph, Defendants admit that by year-end 1999, the fund's assets were $15.6 billion, and deny the remaining allegations in the paragraph. Defendants deny the allegations in the ninth sentence of the paragraph.

55. Defendants deny the allegations in paragraph 55 of the Complaint.

56. To the extent that paragraph 56 of the Complaint purports to excerpt or characterize documents, Defendants state that the documents speak for themselves and no response is required. To the extent a response is required, Defendants deny the allegations in the first sentence of the paragraph. Defendants deny knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in the paragraph and respectfully refer the Court to the Freeman & Brown study for the complete contents thereof.

57.     To the extent that paragraph 57 of the Complaint purports to excerpt or characterize documents, Defendants state that the documents speak for themselves and no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph and respectfully refer the Court to the testimony of Eliot Spitzer for the complete contents thereof.

58.     Defendants state that MIT is not a fund at issue in this case, and therefore no response is required to the allegations in paragraph 58 of the Complaint. To the extent a response is required, Defendants deny the first sentence in the paragraph. Defendants admit the second sentence of the paragraph. With respect to the third sentence of the paragraph, Defendants admit that, at the time of the filing of the Complaint, in the case of MIT, MFS charged a fee based on fund net assets equal to .33 percent annually. Defendants deny the remaining allegations in the third sentence of the paragraph. With respect to the fourth sentence of the paragraph, Defendants admit that, at the time of the filing of the Complaint, the fee for the Mid-Cap fund was .75 percent, and the fee for the New Discovery fund was .90 percent. Defendants deny the remaining allegations in the fourth sentence of the paragraph. With respect to the fifth sentence of the paragraph, Defendants admit that MFS managed an equity portfolio for PERSI in 2003, but deny the remaining allegations in the sentence. Defendants deny the remaining allegations in the paragraph.

59.     To the extent that paragraph 59 of the Complaint purports to excerpt or characterize documents, Defendants state that the documents speak for themselves and no response is required. Defendants further state that MIT is not a fund at issue in this case, and

Case 1:04-cv-11458-GAO    Document 43    Filed 02/21/2006    Page 11 of 15

therefore no response is required to the allegations in the paragraph. To the extent a response is required, Defendants deny the allegations in the second sentence of the paragraph. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph. Defendants respectfully refer the Court to the written testimony of John C. Bogle for the complete contents thereof.

60. Defendants deny the allegations in paragraph 60 of the Complaint.

61. Defendants deny the allegations in paragraph 61 of the Complaint.

62. Defendants deny the allegations in paragraph 62 of the Complaint.

63. Defendants deny the allegations in paragraph 63 of the Complaint.

64. Defendants deny the allegations in paragraph 64 of the Complaint.

65. Defendants deny the allegations in paragraph 65 of the Complaint.

66. To the extent that paragraph 66 of the Complaint purports to excerpt or characterize documents, Defendants state that the documents speak for themselves and no response is required. Further, the first sentence of paragraph 66 of the Complaint contains conclusions of law to which no response is required of Defendants. To the extent a response is required, Defendants deny the allegations in the third sentence of the paragraph. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the Complaint and respectfully refer the Court to Burks v. Lasker, 441 U.S. 471 (1979), and the GAO Report for the complete contents thereof.

67. To the extent that paragraph 67 of the Complaint purports to excerpt or characterize documents, Defendants state that the documents speak for themselves and no response is required. Further, the paragraph contains conclusions of law to which no response is required of Defendants. To the extent a response is required, Defendants deny knowledge or

US1DOCS 5514342v1

information sufficient to form a belief as to the truth of the first and fourth sentences in the paragraph. Defendants admit the allegations in the second and third sentences of the paragraph.

68. To the extent that paragraph 68 of the Complaint purports to excerpt or characterize documents, Defendants state that the documents speak for themselves and no response is required. The first and second sentences of the paragraph contain conclusions of law to which no response is required of Defendants. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph, and respectfully refer the Court to the SEC release cited by Plaintiffs for the full contents thereof.

69. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint and respectfully refer the Court to Strougo v. BEA Assoc., 188 F. Supp.2d 373 (S.D.N.Y. 2002), the testimony of Jack Bogle, and the 2002 Berkshire Hathaway, Inc. Annual Report to Shareholders for the complete contents thereof.

70. Defendants deny the allegations in paragraph 70 of the Complaint.

71. Defendants deny the allegations in paragraph 71 of the Complaint.

72. Defendants deny the allegations in paragraph 72 of the Complaint.

73. In response to paragraph 73 of the Complaint, Defendants repeat and incorporate by reference their responses to paragraphs 1 through 72 above as if fully set forth herein.

74. Defendants deny the allegations in paragraph 74 of the Complaint.

75. Defendants deny the allegations in paragraph 75 of the Complaint.

76. Defendants deny the allegations in paragraph 76 of the Complaint.

77.     In response to paragraph 77 of the Complaint, Defendants repeat and incorporate by reference their responses to paragraphs 1 through 72 above as if fully set forth herein.

78.     Defendants deny the allegations in paragraph 78 of the Complaint.

79.     Defendants deny the allegations in paragraph 79 of the Complaint.

80.     Defendants deny the allegations in paragraph 80 of the Complaint.

81.     In response to paragraph 81 of the Complaint, Defendants repeat and incorporate by reference their responses to paragraphs 1 through 72 above as if fully set forth herein.

82.     Defendants deny the allegations in paragraph 82 of the Complaint.

83.     Defendants deny the allegations in paragraph 83 of the Complaint.

84.     Defendants deny the allegations in paragraph 84 of the Complaint.

85-93.  Count IV, described in paragraphs 85 through 93 of the Complaint, was dismissed by this Court in its January 19, 2006 Order after Plaintiffs indicated they did not intend to pursue this claim.  Accordingly, paragraphs 85-93 do not require any response by Defendants.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The challenged fees are fair and not disproportionately large in relation to the services rendered that they bear no reasonable relationship to the services rendered.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring the claims asserted.

## FOURTH AFFIRMATIVE DEFENSE

A majority of the disinterested directors approved the challenged fees.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs, by purchasing shares of a particular fund and reinvesting, agreed with, accepted, endorsed and otherwise approved the level of challenged fees. Accordingly, plaintiffs are estopped and otherwise barred from complaining about those fees.

### SIXTH AFFIRMATIVE DEFENSE

The claims are barred in whole or in part by the applicable statutes of limitation.

### SEVENTH AFFIRMATIVE DEFENSE

The ICA prohibits recovery of any damages allegedly incurred prior to one year before the institution of this action.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants fully and timely disclosed all relevant information regarding the challenged advisory and distribution fees.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs knew, or with the exercise of reasonable care should have known, all of the relevant information concerning the challenged advisory and distribution fees. In addition, they were free at all relevant times to sell the shares they owned in the particular funds. Accordingly, their claims are barred.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, estoppel, ratification, and/or unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have not suffered any legally cognizable losses or damages from their purported investments in the MFS Funds and/or have been made whole.

TWELFTH AFFIRMATIVE DEFENSE

Any injury sustained by Plaintiffs was not directly or indirectly caused by the alleged breach of fiduciary duty set forth in the Complaint.

WHEREFORE, MFS and MFD respectfully request that this Court:

(a) Grant MFS and MFD judgment on all of Plaintiffs' claims and dismiss the Complaint with prejudice;

(b) Award MFS and MFD their costs and attorneys' fees for the defense of the Complaint; and

(c) Award MFS and MFD such other relief as the court deems just and proper.

Respectfully submitted,

/s/ Jonathan A. Shapiro
Jeffrey B. Rudman (BBO #433380)
William H. Paine (BBO #550506)
Jonathan A. Shapiro (BBO #567838)
Amanda P. Masselam (BBO #641108)
Matthew A. Stowe (BBO #650473)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
Fax: (617) 526-5000

Attorneys for Defendants Massachusetts Financial Services Co. and MFS Fund Distributors, Inc.

February 21, 2006