UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARCUS DUMOND, et al.,

                Plaintiffs,

   v.

MASSACHUSETTS FINANCIAL
SERVICES COMPANY and MFS FUND
DISTRIBUTORS, INC., et al.,

                Defendants.

No. 04-11458-GAO

### DEFENDANTS' MOTION FOR PROTECTIVE ORDER CONCERNING THE STATUTORY DAMAGES PERIOD

Pursuant to Federal Rules of Civil Procedure 26(b)(2) and 26(c), defendants hereby move for an order (1) declaring that the damages period in this case shall be limited to the period from May 5, 2003 to May 4, 2004, and (2) prohibiting plaintiffs from seeking discovery after May 4, 2004, except to the extent that documents created after that date contain or reflect responsive information relating to the period from May 5, 2003 to May 4, 2004.

As grounds for their motion. defendants state as follows:

On October 12, 2006, defendants Filed a Motion for Protective Order Concerning the Statutory Damages Period in <u>Forsythe v. Massachusetts Financial Services Co., et al.</u>, No. 04-10584-GAO.  That motion sought an order from the Court concerning the statutory damages period to be applied in that case, and the parameters of discovery relating therero.  Because the issues addressed in that motion are also relevant in this action, defendants provided notice of that motion to the plaintiffs in this action, through their counsel, who requested that a similar motion

be filed in this case so that they would have an opportunity to respond. Pursuant to that request, defendants hereby move for a protective order in this action on the same legal grounds. Defendants incorporate by reference all legal arguments set forth in the motion and supporting memorandum filed on October 12, 2006, in <u>Forsythe v. Massachusetts Financial Services Co., et al.</u>, No. 04-10584-GAO ("Forsythe Protective Order Memorandum").

As further grounds for their motion, defendants state as follows:

On May 4, 2004, plaintiffs filed this action alleging that defendants had breached their fiduciary duty with respect to the receipt of fees in violation of Section 36(b) of the Investment Company Act ("ICA"), as amended, 15 U.S.C. § 80a-35(b). The allegations in the Complaint referred to fees charged *before* the Complaint was filed, and the Complaint did not purport to allege breaches of fiduciary duty with respect to agreements yet to be reached. Nevertheless, plaintiffs assert that their Complaint permits them to challenge fee contracts after the date of the Complaint and *continuing* through the date of judgment in this action. In fact, as set forth in the Forsythe Protective Order Memorandum, the damages permitted under Section 36(b) are limited to the one-year period prior to the filing of the Complaint. This legal dispute is highly relevant to the scope of discovery, and to the extent of the burden, cost and expense that defendants will suffer from discovery.

Plaintiffs propounded 83 separate Rule 34 requests (spanning 33 pages). <u>See</u> Dumond Plaintiffs' First Request for Production (attached as <u>Exhibit 3</u> to the Forsythe Protective Order Memorandum). These 83 requests are both extremely broad in scope and highly granular. They encompass most areas of defendants' business, and seek detailed information with respect to many such areas. Collecting, reviewing, and producing documents in response to these broad requests may well be a multi-million dollar exercise involving enormous amounts of time, and

2

that time and expense will expand substantially if plaintiffs are permitted essentially plenary discovery with respect to multiple years and (indeed) into the future.[1]

Defendants acknowledge, even though this case properly is about no more than the propriety of the fees charged to the plaintiffs between May 5, 2003 and May 4, 2004, that there will be documents created before and after those dates that are discoverable.[2] The parties have made significant progress toward an agreement regarding the parameters of discovery prior to May 2003.[3] But defendants do not believe that the parties will be able to reach a workable agreement concerning post-May 2004 discovery without the intervention of the Court.

Defendants are already trying to produce documents in response to plaintiffs' broad requests to the extent that they bear on the fees charged in the twelve-month period ending May 2004. The present dispute concerns the fact that so many of the documents created after May 2004 that are responsive to the 83 documents requests are unrelated to the fees charged and services provided during that period. For example, plaintiffs seek all documents "relating to the scope and nature of the services that the Defendants or any of their affiliates perform for the

---

[1] The increased cost of producing documents for later periods will become even more significant when the parties reach the second phase of discovery, electronic discovery.

[2] Defendants initially proposed a bright line limiting the scope of discovery to that prior to May 4, 2004, the date the Complaint was filed, which is nearly a year *after* the fund trustees last approved the fee schedule plaintiffs' challenge. Defendants still believe that most documents thereafter created are not likely to be relevant, and that it would be unduly burdensome to conduct a search of all documents created in subsequent years on the off chance that something might relate to the relevant year. Defendants concede, of course, that it is possible that documents dated after the Complaint was filed might contain information relating to the period between May 5, 2003, and May 4, 2004; and Defendants are willing to do a reasonable search for such documents. Defendants believe that it will require further discussion with plaintiffs to reach agreement about what kind of post-Complaint documents have actual relevance to the damage period, and where MFS should be looking for such documents.

[3] Plaintiffs originally requested all responsive documents from January 1, 1995 to the present, and have since agreed to limit their requests to documents from January 1, 1998 to the present. By contrast, plaintiffs in the Forsythe case have agreed to limit their requests to the period beginning on January 1, 2002, with rights reserved. See Exhibit 5 to Defendants' Memorandum in Support of Their Motion for Protective Order Concerning the Statutory Damages Period, filed in Forsythe v. Massachusetts Financial Services Co., et al., No. 04-10584-GAO on October 12, 2006, at fn.5. Defendants believe the plaintiffs in this action should agree to limit discovery to the same period, and further believe that such agreement should be reached in short order, as it would be unduly burdensome to require MFS to conduct a broad search for over eighty categories of documents twice.

US1DOCS 5884251v2

Funds." They seek these documents for the period right up until the present (and beyond), even though broad discovery of the services MFS provided after May 2004 is irrelevant.

Defendants concede that some documents created after May 2004 that describe services MFS provided in the year before the Complaint was filed should be subject to production. But this does not make every later-created document describing a service relevant to claims addressing the fees charged for services in the past. Defendants believe that a similar narrowing analysis should be made of all 83 requests to ferret out that which is relevant to the statutory period. Defendants also believe that the parties will be able to agree on a practical means for addressing what documents are subject to discovery if the Court determines for what period plaintiffs are permitted any recovery.

Accordingly, defendants seek an order that (1) plaintiffs in this action may recover damages in this case only with respect to fees charged for the period May 5, 2003 to May 4, 2004, and (2) discovery of documents created after May 4, 2004 shall be limited to documents that contain or reflect responsive information relating to the fees charged and services provided during the period May 5, 2003 to May 4, 2004.

WHEREFORE, defendants respectfully request that the Court:

a. Enter the aforementioned order requested by defendants; and

b. Award other relief as the Court deems just and proper.

**REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1(D), the Defendants hereby request that the Court grant a hearing on their Motion for Protective Order Concerning the Statutory Damages Period. In support of this request, the Defendants believe that oral argument will assist the Court in clarifying the issues raised in the motion.

> MASSACHUSETTS FINANCIAL SERVICES
> COMPANY and MFS FUND DISTRIBUTORS, INC.
>
> By their attorneys,
>
> /s/  Jonathan A. Shapiro_____
> Jeffrey B. Rudman (BBO #433380)
> William H. Paine (BBO #550506)
> Michael Bongiorno (BBO#558748)
> Jonathan A. Shapiro (BBO #567838)
> Wilmer Cutler Pickering Hale and Dorr LLP
> 60 State Street
> Boston, MA  02109
> Tel: (617) 526-6000
> Fax: (617) 526-5000

Date:  October 17, 2006

**Rule 26(c) and Local Rule 26.2(C) Certification**

Pursuant to Rule 26(c) and Local Rule 26.2(C), counsel for defendants and counsel for plaintiffs conferred prior to the filing of this motion with the Court in a good faith attempt to narrow their dispute.  The parties were not able to resolve their dispute concerning requests and other issues that are the subject of this motion.

## **CERTIFICATE OF SERVICE**

      I, Jennifer Carpenter, hereby certify that on October 17, 2006, I caused a copy of the foregoing document to be served either electronically or by overnight mail upon counsel for Plaintiffs.

                                        /s/  Jennifer Carpenter
                                        Jennifer Carpenter

Dated:  October 17, 2006