**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ERIC FORSYTHE, et al.,<br><br>               Plaintiffs,<br>   v.<br><br>SUN LIFE FINANCIAL, INC., et al.,<br><br>               Defendants. | No. 04-10584-GAO |
| MARCUS DUMOND, et al.,<br><br>               Plaintiffs,<br>   v.<br><br>MASSACHUSETTS FINANCIAL SERVICES<br>COMPANY and MFS FUND DISTRIBUTORS,<br>INC., et al.,<br><br>               Defendants. | No. 04-11458-GAO |

**DEFENDANTS' STATUS REPORT**

***Background***

These cases arise under Section 36(b) of the Investment Company Act, which permits

any shareholder of a mutual fund to bring a claim on behalf of the fund to assert that the fees

charged to the fund are excessive. The *Forsythe* case originally asserted both class and

derivative claims pursuant to Section 36(b) and other theories, and purported to bring claims on

behalf of all mutual funds advised by Massachusetts Financial Services Company ("MFS").

After the Court's ruling on various motions, only the Section 36(b) claims as to two mutual

funds advised by MFS remain. The *Dumond* case was brought only under Section 36(b) on

behalf of a number of mutual funds advised by MFS. After the plaintiffs sold their shares in

some of the funds, only the Section 36(b) claims on behalf of four funds remain.

*Status*

The parties in each of these cases have agreed to settle the actions, and have signed a

Term Sheet setting forth principal terms of the settlements in each case.  The parties have agreed

with certain limited exceptions to keep the settlement terms confidential, but have no objection

to disclosing the terms to the Court in connection with the conclusion of the settlement.

Depending on the manner in which the case is to be concluded, the parties would seek leave to

disclose the terms off the record or in a filing under seal.

The Term Sheets contemplate that the cases will be concluded in one of two ways –

either by stipulation of dismissal with prejudice approved by the Court, or by approval of the

Court after notice to shareholders.  In the former case, after completion of a full settlement

agreement, the parties would submit a stipulation for approval by the Court.  In the latter case,

after completion of a full settlement agreement, the parties would submit the agreement to the

Court for preliminary approval and, after notice to shareholders of the six funds at issue, final

approval.

The parties would like to conclude the cases without notice to shareholders and believe

that notice to shareholders is not required.  We have discussed the applicable law below.

*Analysis*

**1.    Rule 23.1 Does Not Apply.**

Fed. R. Civ. P. 23.1 ("Rule 23.1") applies to "claims which may properly be asserted" by

a corporation or association, and provides that such claims shall "not be dismissed or

compromised" without court approval and notice to shareholders.  Rule 23.1 does not apply to

claims under Section 36(b) because, although such claims may be brought by shareholders on

behalf of a mutual fund, the fund itself may not bring the claims. *Daily Income Fund, Inc. v. Fox*, 464 U.S. 523, 542 (1984).

In *Daily Income*, the Supreme Court concluded that Rule 23.1 does not apply to Section 36(b) claims:

> A shareholder derivative action is an exception to the normal rule that the proper party to bring a suit on behalf of a corporation is the corporation itself, acting through its directors or a majority of its shareholders. Accordingly, Rule 23.1, which establishes procedures designed to prevent minority shareholders from abusing this equitable device, is addressed only to situations in which shareholders seek to enforce a right that "may properly be asserted" by the corporation itself.  In contrast, as the language of § 36(b) indicates, Congress intended the fiduciary duty imposed on investment advisers by that statute to be enforced solely by security holders of the investment company and the SEC. It would be anomalous, therefore, to apply a Rule intended to prevent a shareholder from improperly suing in place of the corporation to a statute, like § 36(b), conferring a right which the corporation itself cannot enforce. *It follows that Rule 23.1 does not apply to an action brought by a shareholder under § 36(b) of the Investment Company Act* and that the plaintiff in such a case need not first make a demand upon the fund's directors before bringing suit. (Emphasis added).

Although *Daily Income* turned on whether the demand requirement of Rule 23.1 was applicable to Section 36(b) cases, the Court's logic disposes of any assertion that the remainder of Rule 23.1 might apply.  Because Rule 23.1 applies only to claims that may be asserted by the corporation or association involved, and because Section 36(b) claims cannot so be asserted, Rule 23.1 does not apply.  In any event, it would be illogical to conclude that Rule 23.1 applies to certain aspects of Section 36(b) and not to others.

We have found no case in the years following the decision in *Daily Income* that holds that Rule 23.1's notice and approval requirement applies to settlements of claims brought under Section 36(b).  We did find a case in which a plaintiff made that argument.  In *Krinsk v. Fund*

- 3 -

*Asset Management, Inc.*, No. 85 Civ. 8428, 1986 U.S. Dist. LEXIS 25691 (S.D.N.Y. May 9,

1986), a plaintiff filed a Section 36(b) action after a similar action had been dismissed with

prejudice by stipulation and approved by the Court, and sought to take advantage of the damage

period of the prior case (instead of just the one year period prior to filing) in part because it had

obtained no notice under Rule 23.1. *See id.* at *13-14. The Court noted that *Daily Income*

"teaches that Rule 23.1 does not apply to section 36(b) cases," and went on for a variety of

reasons to deny the relief requested. *Id.* at *13-14 and *14 n.8.

Accordingly, notice to shareholders is not required in connection with the settlement of

these cases.

**2.     Dispositions in Other Cases**

Consistent with the conclusion that Rule 23.1 does not apply to these cases, a number of

settlements of Section 36(b) actions have been concluded by stipulation of dismissal with

prejudice approved by the Court. *See* (i) *Baker v. American Century,* No. 2:04-CV-04039-ODS

(W.D. Mo. July 31, 2006); (ii) *Sins v. Janus,* No. 1:04-CV-01647-WDM-MEH (D. Col. May 2,

2007); (iii) *Hunt v. Invesco Funds*, No. 4:04-CV-02555 (S.D. Tex. January 29, 2007); (iv)

*Williams v. Waddell & Reed*, No. 2:04-CV-02561-KHV (D. Kansas Sept. 21, 2006); (v)

*Strigliabotti v. Franklin*, No. 3:04-CV-00883-SI (N.D. Cal. August 9, 2007); and (vi) *Miller v.

Burt (Alliance)*, No. 3:01-CV-00192-DRH (S.D. Ill. 2003).   In the *American Century* case, the

stipulation of dismissal noted that the adviser would notify shareholders of the settlement in a

regular mailing.

Notwithstanding *Daily Income*, some parties have elected to conclude settlements

pursuant to notice and approval. *See Palandjian v. ING Funds Distributor, LLC* et al. (D. Mass.

Docket No. 1:03-cv-12530-JLT ) (approved by Judge Tauro July 19, 2006) *and Krausz et al. v.*

US1DOCS 6354792v1

- 5 -

*ING Investments, LLC* (D. Mass Docket No. 1:06-cv-12145-RGS)(final approval hearing set for

December 12, 2007).  A third case, *Cohen v. Columbia Acorn Fund, et al.* (D. Mass. Docket No.

1:04-cv-11704-MBB)(final approval hearing set for September 18, 2007),  is being settled as a

class action.  Therefore, notice to shareholders under Rule 23 is required.  In another case in this

jurisdiction, *Bahe v. Franklin* (D. Mass. Docket No. 1:04-cv-11195-MLW), the Court questioned

whether notice was required with respect to the dismissal without prejudice of a case (unlike this

one) asserting both a Section 36(b) claim and a state law derivative claim, and ultimately ordered

publication notice (with opportunity to object) that the case would be dismissed by such a

stipulation.

Although the procedure by which 36(b) cases are settled is not uniform, the Courts have

approved many dismissals without notice to shareholders.  Defendants believe that the procedure

for resolving Section 36(b) cases rests in the sound discretion of the Court and that there are no

circumstances present in these cases (such as lack of arms length bargaining between Plaintiffs

and Defendants) that would warrant a requirement for notice to shareholders.

DEFENDANTS

By their counsel,

Dated: September 10, 2007                    __/s/___William H. Paine_____
                                             William H. Paine (BBO #550506)
                                             Coale Anderson (BBO # 666619)
                                             John S. Rhee (BBO #650139)
                                             WilmerHale
                                             60 State Street
                                             Boston, MA  02109
                                             (617) 526-6000

- 5 -